### DU BOIS v. MAYOR, ETC., OF CITY OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. January 27, 1904.)

1. APPEAL—MATTERS REVIEWABLE—DISCRETIONARY ORDERS.

An order of a Circuit Court overruling exceptions to the report of a master for the reason that the record was not printed as required by the rules was within its discretion, and is not reviewable on appeal.

Appeal from the Circuit Court of the United States for the Southern District of New York.

On motion to dismiss appeal or affirm order of the Circuit Court entered November 24, 1902.

William L. Pierce, for appellant.
Frederick Seymour, for appellee.

Before TOWNSEND and COXE, Circuit Judges.

PER CURIAM. We have examined the papers with care, and are satisfied that no question presented upon the hearing before the

master is reviewable in this court, for the reason that no exceptions to the master's report are before us, and the action of the Circuit Court in overruling the exceptions filed below, for the reason that the record was not printed as required by the rules, was entirely within the discretion of that court, and is not reviewable.

The only question which can be presented for review in this court is the question whether or not the Circuit Court erred in making the order of reference to the master to fix the awards. That action was unquestionably correct, unless the contention can be maintained that the various attorneys and counsel to whom awards were made by the master were precluded from receiving compensation for their services upon a quantum meruit, for the reason that they had originally been employed by the complainant, or his agent, to prosecute the action upon a contingent fee limited to a certain percentage of the recovery. Whether the complainant, after receiving the services of his lawyers for a long period of time, could discharge them and demand the papers back, without paying a reasonable sum for their services, may be a debatable question, which the appellant has a right to present to this court upon a review of the order appealed from. The papers now before us appear to contain all the facts necessary for a full discussion and determination of this question, which, it would seem, is one of law arising upon undisputed facts. If the appellant desires to present this question, he may print the record and bring on the appeal in the usual manner. Upon proof that the papers now before us have been printed and filed with the clerk, a motion will be entertained to place the cause on the calendar. If this record be not printed and filed on or before February 23, 1904, the appeal will be dismissed without further order.

The foregoing views dispose of the motion to compel the filing of the exhibits with the clerk of this court. Ordinarily, such a motion should be addressed to the Circuit Court, the record being there made up and transmitted to this court in completed form, but if upon the argument of the appeal it should appear that any of these exhibits will throw light upon the question involved, we will request the counsel in whose possession it may be to produce the original.